Case 04-90682   Filed 05/24/05   Doc 402

FILED

MAY 2 4 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

MODESTO DIVISION

In re:

PEREIRA AND MELO DAIRY,

        Debtor.

Case No. 04-90682-D-7

D.C. MGO-11

Submitted February 8, 2005

### MEMORANDUM DECISION

The debtor filed a petition under chapter 11 of the Bankruptcy Code[1] on February 24, 2004. On June 15, 2004, the debtor converted this case to one under chapter 7. Michael D. McGranahan ("Trustee") was appointed as interim chapter 7 trustee. Creditors did not vote at the meeting of creditors to elect a third party as trustee and thus Trustee became the trustee for the case. 11 U.S.C. § 702(d).

On October 29, 2004, the trustee objected to the claim filed in this case by the Conservatorship of Florence Alves ("Claimant"). The initial objection was simply that the claim had no supporting documentation to justify the $486,000 sought. By stipulation of

---

[1] Unless otherwise noted, all statutory references are to the Bankruptcy Code, 11 U.S.C. §101 et seq., and all "Rule" references are to the Federal Rules of Bankruptcy Procedure.

- 1 -

the parties, the initial hearing was continued to December 28, 2004. On December 14, 2004, Claimant filed a written response with supporting documentation to prove up its claim.

In its response, Claimant alleges that the debtor partnership and its two partners wrongfully converted monies from Claimant in the approximate amount of $243,000. The transfers allegedly occurred between January 25, 2002 and June 25, 2002. On October 28, 2002, the Stanislaus County Superior Court made findings sufficient to appoint the Stanislaus County Public Guardian as conservator for the person and the estate of Florence Catherine Alves. On November 26, 2002, Claimant filed an action in the Stanislaus County Superior Court seeking to recover the alleged wrongful transfers pursuant to California Probate Code Section 850. Claimant also requested double damages pursuant to California Probate Code Section 859. Trial on Claimant's Section 850 and 859 requests was set for February 25, 2004, but was stayed by the filing of debtor's petition on February 24, 2005.

At the hearing on December 28, 2005, the parties requested that the matter be continued so that both sides could brief the purely legal question of whether Probate Code Section 859 was applicable. The court continued the matter to February 8, 2005. Both parties timely filed briefs. After oral argument, the court took the matter under submission. The court having considered both memoranda and also having done its own research, concludes that Section 859 is applicable subject to Claimant meeting its burden of proof. Nothing herein constitutes a finding of bad faith. That issue will be decided following the submission of evidence.

## ANALYSIS

Cal. Probate Code Section 859 provides a double recovery "[i]f a court finds that a person has in bad faith wrongfully taken, concealed, or disposed of property belonging to the estate of a decedent, conservatee, minor or trust,..." (West 2002 & Supp 2005). The claimant and the trustee disagree over the meaning and effect of the phrase "property belonging to the estate of a...conservatee."

The trustee contends that the quoted phrase requires court administration of a conservatorship estate at the time of the alleged wrongdoing. The trustee relies on the wording of the quoted phrase and the following principle: "If the words of the statute are clear, the court should not add to or alter them to accomplish a purpose that does not appear on the face of the statute or from its legislative history." Conservatorship of Cooper, 16 Cal.App.4th 414, 418 (Cal.Ct.App. 1993). Claimant argues that Section 859 is an integral part of Probate Code Part 19 which deals with recovery of property improperly removed from the conservatorship estate. The words of the statute are in fact ambiguous when Section 859 is viewed as one section among many in Part 19. "The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible." Dyna'Med, Inc., v. Fair Employment and Housing Commission, 43 Cal.3d 1379, 1387, 743 P.2d 1323, 241 Cal.Rptr. 67 (Cal. 1987). Because the statute is ambiguous, the court looks to the legislative history

1  and the historical progression of the statute.

2  "Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent." Dyna'Med, Inc., 43 Cal.3d at 1387.  Section 859 is the latest iteration of a statute which has existed since at least 1907.  The 1931 statute, former Probate Code Section 612, read: "If any person embezzles, conceals, smuggles or fraudulently disposes of any property of a decedent, he is chargeable therewith, and liable to an action by the executor or administrator of the estate for double the value of the property, to be recovered for the benefit of the estate." Estate of Harvey, 224 Cal.App.2d 555, 560 (Cal.Dist.Ct.App. 1964).  The words "property belonging to the estate of..." were not then part of the statute.

At least one case applying the 1931 statute indicates that the statute could be applied to transactions predating the event that causes court administration of an estate.  In Bogan v. Wiley, 90 Cal.App.2d 288 (Cal.Dist.Ct.App. 1949), an action under Probate Code § 612, the Court of Appeal reversed the denial of defendant's motion for judgment notwithstanding the verdict and directed entry of judgment for defendant.  In doing so, the Court of Appeal considered, inter alia, whether the defendant could have embezzled (within the meaning of Probate Code § 612) a check issued to Zaida and Lewis Bogan, apparently on the day of Zaida Bogan's death.  The court concluded that "[t]he check never became the property of Zaida Bogan or her estate." 90 Cal.App.2d at 292.  The court went

1  on to say:

2      Since title to the check was neither vested in, nor held by
3      defendant for, Zaida Bogan or her estate it never became her
    property or that of her estate. <u>If it was not property of
4  Zaida Bogan or her estate it could not be embezzled,
    concealed, smuggled or fraudulently disposed of within the
    meaning of Probate Code, section 612 since by its terms that
5      section applies only to "any property of a decedent."</u>

6  <u>Id</u>. (emphasis added).

7      The conclusion that the predecessor statutes to probate Code §
8  859 applied to transactions predating the event that causes court
9  administration of an estate is confirmed by the Code Commissioner's
10 note from 1956: "The amendment [of C.C.P. § 1458 in 1907] omits the
11 word "alienates," and inserts in lieu thereof the words "conceals,
12 smuggles, or fraudulently disposes," to make the phraseology of the
13 section uniform with that of sections 1459 and 1460. A remedy of
14 this kind should not be given except in cases where the action of
15 the defendant has been fraudulent or criminal. <u>The amendment also
16 makes the section apply to embezzlement committed at any time,
17 whether administration is pending or not. It would seem to be as
18 important in the one case as in the other.</u>" (emphasis added).

19     Section 612 was restated and modified in 1988, when the
20 Legislature created Probate Code Section 8874. Section 8874
21 provided for a double recovery against a person "who, in bad faith,
22 has wrongfully taken, concealed, or disposed of property in the
23 estate of the decedent..." The legislative history relating to
24 Probate Code Section 8874 is terse. "Section 8874 restates former
25 Section 612 with the addition of a bad faith limitation." 19
26 Cal.L.Rev.Comm. Reports 769 (1988). The change in language from
27 "property of a decedent" to "property in the estate of a

28

decedent...." is not explained. The absence of such an explanation, coupled with the statement that Section 8874 was intended to restate former Section 612 with a bad faith limitation, gives no indication that the legislature intended to overrule <u>Bogan v. Wiley</u>.

In 1990, the Legislature created Probate Code Section 2619.5, which provided for double recovery against a person "who, in bad faith, has wrongfully taken, concealed, or disposed of property in the estate of the ward or conservatee...." "Section 2619.5 is new and continues Section 8874 as that section was applied to guardianship and conservatorship proceedings by former subdivision (c) of Section 2616." 20 Cal.L.Rev.Comm.Reports 1001 (1990). The legislative history indicates that Section 2619.5 merely stated separately the double recovery provision for conservatees and wards. There is no indication that its enactment was intended to change how Sections 612 and 8874 had previously been applied.

In 2001, the Legislature consolidated the like provisions in the Probate Code directed at decedent's estates, conservatees and wards, and trusts:

> Existing law provides for the determination of claims brought to determine ownership of real or personal property claimed by an estate, a ward or conservatee, or a trustee, as specified. Among other provisions, if a court finds that a person has, in bad faith, wrongfully taken, concealed, or disposed of property in the estate of a ward or conservatee, in the estate of a decedent, or in or belonging to the trust, he or she is liable for twice the value of the property. A court may not grant a petition under these provisions if the court determines that the matter should be determined by a civil action.
>
> This bill would revise, recast, and consolidate those provisions. The bill would specify that an action brought pursuant to these provisions may include claims, causes of

- 6 -

1  action, or matters that are normally raised in a civil action
2  to the extent that the matters are related factually to the
   subject matter of the petition.
3  2001 Cal. Legis. Serv. Ch. 49 (S.B. 669) (WEST)

4     Again, the legislative history indicates no intent to overrule
5  prior law applying former Section 612 to transactions predating the
6  event that causes court administration of an estate. The 2001 bill
7  was merely an effort to unclutter the Probate Code by consolidating
8  similar provisions. The trustee's arguments to the contrary at
9  oral argument are unpersuasive. The language over which both sides
10 are arguing ("property belonging to the estate of a...conservatee")
11 is simply another way of saying "property in the estate of...the
12 ...conservatee...," which latter language existed in the prior
13 statute, Probate Code Section 2619.5, and in the statute before
14 that, Probate Code Section 8874.

15    The conclusion that Probate Code § 859 applies to transactions
16 predating the event that causes court administration of an estate
17 is consistent with the statutory scheme as a whole. "The words of
18 the statute must be construed in context, keeping in mind the
19 statutory purpose, and statutes or statutory sections relating to
20 the same subject must be harmonized, both internally and with each
21 other, to the extent possible." Dyna'Med, Inc., 43 Cal.3d at 1387.
22 Probate Code Sections 850 to 859 together make up Part 19 of the
23 Probate Code. Part 19 is a coherent scheme designed to allow
24 guardians, conservators, executors, or trustees to recover assets
25 which should be part of the relevant estate but which are not
26 because they were transferred improperly. Section 850 permits a
27 conservator to sue third parties to recover property allegedly

- 7 -

belonging to the conservator estate. See Ross & Grant, Cal. Prac. Guide.: Probate, § 15:350.1 (The Rutter Group 2005); Estate of Linnick, 171 Cal.App.3d 752, 760 (Cal. Ct. App. 1985)("Section 851.5 [now 850] now provides the authority and the procedure for the hearing of a petition by a decedent's estate concerning any claim involving property allegedly wrongfully possessed by another.")

Once property is recovered under Section 850, it becomes "property belonging to the estate of ... a conservatee" and a double recovery is available if the court then finds that the property was wrongfully taken in bad faith. The double recovery is not available in a vacuum. It requires that the conservator first prevail under Section 850. "Damages equal to twice the value of any property allegedly 'taken concealed or disposed of are recoverable in § 850 proceedings from the persons who in 'bad faith' deprived the estate of same." Ross & Grant, Cal. Prac. Guide.: Probate, § 15:351.1 (The Rutter Group 2005)

This brings the court to the trustee's argument that if Section 859 is applicable to transfers predating court appointment of the conservator, the statute could conceivably have no temporal limitation. An analysis of Part 19 as a whole disposes of this argument completely. As noted above, double recovery is unavailable until the court determines that the property is recoverable under Section 850. For that to occur, the court must determine that the transfers are somehow defective. In the case of a conservatee, that defect typically takes the form of undue influence, mental infirmity, or some other incapacitating effect.

- 8 -

The temporal limitation on Section 850 and therefore Section 859 is that period of time during which the conservatee was subject to the infirmity.which ultimately supported the adjudication that the conservatee was incompetent. That determination is fact specific and must be established by the claimant.

## CONCLUSION

Over the history of the statute since 1931, the legislative history indicates that there has been no change in the statute's application but for the addition of the "bad faith" requirement in 1988. For the above reasons, the court concludes that Section 859 is available in this claim proceeding subject to claimant's first proving entitlement to a recovery under Section 850 followed by proof of a bad faith wrongful action by the debtor.

The trustee's objection to claim remains opposed. This matter involves disputed facts that cannot be resolved on declarations. Pursuant to Bankruptcy Rule 9014(c), all of the rules of Part VII shall apply. The clerk shall assign an adversary proceeding number, and docket control number MGO-11 shall no longer be used in reference to this matter. On or before June 14, 2005, trustee Michael D. McGranahan, as plaintiff, shall pay the adversary proceeding filing fee, or file an application to defer payment of the filing fee, and file and serve a summons and an amended complaint that complies with Bankruptcy Rule 7008 and all other applicable rules. The defendant shall be The Conservatorship of the Person and the Estate of Florence Alves. The adversary proceeding will next appear on the status conference calendar date

set in the summons.

The court will issue an interim order that conforms to the above ruling.

Dated: MAY 24 2005

THOMAS C. HOLMAN
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

CERTIFICATE OF MAILING

    The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was mailed today to the following entities listed at the address shown on the attached list or shown below.

Michael McGranahan
PO Box 5018
Modesto, CA 95352-5018

Michelle Oleksa
410 W. Fallbrook Ave. #105
Fresno, CA 93711

Carl Collins, Esq.
1127 12th St. #202
PO Box 3291
Modesto, CA 95353-3291

Peter F. Murray, Esq.
15721 Bernardo Heights
Parkway, Ste. B
San Diego, CA 92128

Office of the U.S. Trustee
501 I St. Ste. 7-500
Sacramento, CA 95814

DATED: May 25, 2005    By: _Nancy Pots_____
                                            Deputy Clerk

EDC 3-070 (New 4/21/00)